and Angela Abreu-Carrasquillo et al. v. Gerardo Calderon-Lozano. Good morning to everyone and the judges. I would like to say... Counsel, could you speak into the microphone? I'm sorry. Good morning to everyone in the room and to all the judges present today. It is an honor and I would like to save three minutes for rebuttal. Yes, you may have it. Yes, this is a diversity case of a tort action brought under Puerto Rico law that involves a horseback riding accident that occurred on July 9th... July 4th, 2009. Pasion Equestre, the corporation, the only tort officer in this case, was brought as a defendant on February 15, 2013. That is three and a half years after the accident. What appellants argue in the appeal brief is that the plaintiff's action is time barred as a matter of law. In the alternative, the appellants are requesting the court to remand the case for a partial new trial only for the issue of the statute of limitations defense because witnesses were brought to the case regarding that issue, contested testimony was provided, and the court did not allow the jury to decide on the issue. Despite the fact that earlier in the motion denying the reconsideration for motion for summary judgment, he stated that the issue would be heard by the jury. But the first issue is the dismissal because the matter is time barred as a matter of law. Yes, it's a little unclear exactly what the district court was doing. One could read this as a sanction for what he thought was a failure of discovery in the state court system or an abuse of discovery. Alternatively, it could be that it is as a matter of law but unrelated to the question of sanctions. So it's a little bit hard to know exactly why the court entered the order it did. And that's actually also my confusion. If you see the order denying the motion for summary judgment, the court states that it is denying the motion because the date of the identity of the true tort officer was not made apparent until October 2012. So that was his original position where he denied the motion for summary judgment. He pinpointed the date. I still don't know why he pinpointed that date. But in a trial, he just states that he didn't like the way of the state court proceedings. And in my opinion, I respectfully understand that the judge exceeded his prerogatives because he basically believed one witness, which was a state court attorney brought by the appellees, and didn't believe the state court attorney of the appellants, which was also brought as a witness. He just stated that, you know, he heard him and said that he believed his demeanor. He didn't look like a person that, you know, would do that in a state court proceeding and determined that he would preclude the issue even as a matter of law or to the jury. Okay, so as I understand that argument, you're saying that as to both possible rationales, it turned on the district court's assessment of the credibility of witnesses and therefore had to go to the jury. Yes, but that goes to my argument in the alternative. I also wanted to argue very fast that I didn't have the chance to argue to the court, although I tried, the record reflects it, that in March 2011, this is more than two years before the truth court feature was brought to the case, the answers to the interrogatories were answered by the landlord who was brought initially as a defendant and he has no relation with the business. And he stated on their oath on March 2011 that he was not the owner of the business. And then they asked him, who is the person who is the most knowledgeable about the facts regarding this case? Only one person was identified, and that was Gerardo Calderon. Gerardo Calderon is the only natural person that operated the corporation, the tort feature. And Gerardo Calderon was not brought until three and a half years later or so. His position was not taken. The plaintiffs, lawyers in state court, did not try to see what was the discrepancies between the contract they alleged they received or the other one. If we take plaintiff's statements as true, their allegations, they supposedly received a different contract at that moment from a different tenant. But what happened afterwards? They amended the complaint only to include the insurance company of the landlord, and after they amended the complaint, they voluntarily dismissed it, knowing that no tenant was included and knowing that the landlord has stated on their oath twice in the answers to the interrogatories and in the deposition that he had no relation to the business that the location was leased. Still, they sit back. And under Puerto Rico law, I want to state the case law from the secret court very recently. It was decided days before. But you're simply trying to get back to let the jury decide these questions, right? You're not asking that we reverse and enter judgment in your favor. I am, Your Honor. Appellants are, and this is the reason why. You are what? I am requesting the court to dismiss the case as a matter of law and not to remand the case to the jury. In the alternative, the court understands that this is not warranted dismissal as a matter of law based on the documents. I want to point out that the payment, the credit card payment, of the horse rental business was produced, the record, by plaintiffs on discovery. And it states the name of Pasión Equestre, Inc. And that is part of the appendix. It has the date, the municipality of Sidra, the payment, and it says Pasión Equestre, Inc. They could have known the identity of the tortfeasor ever since the first day or soon after if they would have requested to their friend the credit card payment, as they eventually did during discovery. But they didn't. They sit back. And recent court precedent states that once the plaintiffs do not file a complaint within a year, they have the burden of proving not that it was uncertain or not apparent, but that they were diligent. And that is the test. And they did not comply. And the documents. I'm sorry. Maybe I've misunderstood this case. But didn't the jury find that Centro Equestre, Pasión Equestre, and Geraldo Calderón were jointly liable? Well, the judge. Well, just try to help me with this because I'm confused. In the jury verdict form, they did. Why? Because I also argued to the judge, the first part of the brief, that we have to single out Pasión Equestre from the rest of the defendants. Why don't you just say yes and then listen to the next question? I'm sorry. Yes. The next question is, so they were found by the jury to be joint tortfeasors? Yes. And was anybody served of the joint tortfeasors within the statute of limitations period? Yes, they were. And under Puerto Rican law, doesn't that trump your argument as to statute of limitations? At the moment, it did. But it was not the jury that found them jointly liable. It was the judge that decided that the natural persons, even though nobody tried to lift the corporate veil, should be included in the complaint. I have no idea why the court left Gerardo Calderón, for example. Evidence was presented that it was a corporation with different accounts. With its own employees, it was incorporated. The judge and I asked the court under Rule No. 58, orally, to please dismiss the case of the other defendants that were not tortfeasors. They are separate and distinct entities, and that is the law in Puerto Rico. But if they were joint tortfeasors, they're all liable. Yes, but I have to correct myself in your question. I think I got confused. The jury did not find that they were joint. In the jury verdict form, since they were not dismissed, even though we asked for different jury verdict forms for each defendant to see that, as a matter of law, what the jury decided, they did not. The judge simply put defendants, the three names and the insurance company, using their actions for the approximate cost of the damages. That's it. They didn't find, as a matter of fact, whether they were jointly liable. They were just included in the verdict form because the judge decided it. And the appellants did present evidence to establish that the corporation is a distinct and separate entity. And there was no evidence in the contrary. And if there is no evidence also, the burden is on plaintiffs to be diligent. And the recent precedent from this court states that if the plaintiffs were not diligent and there's no evidence of diligency, then the jury doesn't have to decide that. It must be dismissed as a matter of law. I just want to cite the state. It's Alejandro Ortiz v. Preva, 756. Is that in your brief? It is not in the brief because it was decided. Okay, I understand. But can you please file an appropriate letter? I will. All right. But all the legal arguments were included in the previous cases. The case law? Just file a Rule 28J letter giving us the citation, do not include legal argument. Perfect. And do it by the end of the week. I will. All right. Okay. Thank you. Good morning. Jose Luis Ubarria on behalf of APELIS. As Joshua just pointed out, there is joint and several liability under the law of Puerto Rico. Don't let me argue your case because I could be very well wrong. But there's something that needs to be pointed out regarding this case. Since the filing of the original complaint in the state court, Centro Ecuestre Madrigal was joined as a defendant. That defendant was named in the state court complaint, and it was also named in the federal complaints. And the case went to the jury on a verdict form that included, among others, Centro Ecuestre Madrigal. And not only on the liability issue, but also on the validity of a certain release that the plaintiff signed before engaging in the horseback riding walk that she took at Centro Ecuestre Madrigal. I'm sorry. I'm now thoroughly confused by the case. Okay? Judge Torreya's question suggested that even if the striking of the limitations defense was improper, it doesn't matter because there was joint and several liability. Did you argue that? Well... Yes or no? No, it wasn't argued because... Okay, then let's move backwards, please. Okay. There is a lot of law that says that what happens in state court is not a proper basis for a federal court to take disciplinary action against counsel. You're aware of that? Yes, I am. All right. Then what are you left with in terms of why it was proper, from your point of view, for the defense not to make its way to the jury, for the judge to instruct that he wouldn't let it go to the jury? Well, my point is that the appeal is really moot because there being joint and several liability under the law... It's not in your brief. True, but that doesn't detract from the fact that that is the law. Counsel, you can waive an argument. Well... And you didn't argue that to the district court either. That's not the basis on which it precluded this defense. The same holds for the statute of limitations defense that was precluded to the defendants because of misconduct. And I think that... But what was the misconduct? The failing to identify the real entity who was operating... All of that occurred in the state court, right? Well, it started in the state court, but it did have an effect in federal court, in the federal proceedings, because the potential that that misconduct had was to leave the plaintiff's remanence. And it wasn't really an exercise on credibility by the district judge. The district judge was very clear in his ruling that he wasn't going by assessing the credibility of one authority over the other, but just going by the written documents and the papers. So there's ambiguity in the state court as to the discovery responses. Maybe you could say it was misconduct. Maybe you would say it wasn't misconduct. But once the case is refiled in federal court, the defendants promptly revealed passione questre shortly after the new case was filed. So what happens in federal court is not misconduct, correct? To the extent that it can deprive a party of its day in court, even though the conduct started in state court... Yeah, but there are very good reasons not to have the federal court be allowed to characterize what happens in a state court proceeding, but leave that to the state court. It's an odd sort of interference by the federal system with the state court system. To the extent that it deprives the court of its power to impart justice, the federal court has the power to do so. That's our position, Your Honor. Okay. You've reserved two minutes. Your Honor, I just want to point out very quickly, just to make my point on the first request to be dismissed, to the action be dismissed as a matter of law, I want to make reference to appendix number 83. You will find a credit card statement that was produced by plaintiffs during discovery, which has the payment made the date of July 4th and the name passione questre. So they have the knowledge of the precedent of this court of who was... And that goes to your argument that you're entitled to judgment in your favor. Right. I just wanted to point out the appendix. You did before. Thank you.